IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL M. CULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME the Plaintiff, DANIEL M. CULLEN ("Cullen" or "Plaintiff"), an individual, by and through his attorneys, Lavelle Law, Ltd., and for their Amended Complaint against the Defendant, ALLSTATE INSURANCE COMPANY ("Allstate" or "Defendant"), states and alleges as follows:

### Nature of the Action

This is an action, under 29 U.S. Code § 623 of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/ et seq. to correct unlawful employment practices based on age and to provide appropriate relief to the Plaintiff. Specifically, Defendant discriminated against Plaintiff by firing Cullen for his age after using an unrelated alleged workplace incident as pretext for the termination.

### Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S. Code § 621-624, and Section A of the IHRA, 775 ILCS 5/1-102.

2. This Court has supplemental jurisdiction over Defendants' state law claims

pursuant to 28 U.S.C. § 1367 because they are substantially related to his federal claims.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## Parties

4. Cullen is a 63-year-old male and a citizen of Schaumburg, Illinois. Cullen had worked at Allstate since July of 1999.

5. Allstate is a corporation duly incorporated under the laws of Texas. The office address where Cullen was employed is located at 2775 Sanders Rd. Northbrook, IL 60062 and this Court has jurisdiction over Allstate as it transacts business in this State and employs Illinois citizens. Allstate was the Plaintiffs "employer" as that term is used and defined under the ADEA and IHRA.

## Administrative Procedures

6. More than 30 days before institution of this lawsuit, Cullen has filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") alleging Allstate had violated the Age Discrimination and Employment Act ("ADEA") and the Illinois Human Rights Act ("IHRA").

7. On May 24, 2024, the EEOC issued A Determination and Notice of Rights giving Cullen 90 days to institute a lawsuit based on his Charge of Discrimination.

8. Cullen files this Complaint within 90 days of his receipt of the Determination and Notice of Rights.

9. Cullen has exhausted his state and federal administrative remedies, is timely filing this suit, and all conditions precedent to the institution of this lawsuit have been fulfilled.

**Facts Common to All Counts**

10. Prior to March 21, 2024, Plaintiff had worked for Defendant since July of 1999, his tenure lasting almost 25 years.

11. Throughout his tenure with Allstate, Mr. Cullen was a hard-working employee who diligently performed his duties on a regular basis, as documented by his many positive performance reviews, and continuously brought profit into the company. Mr. Cullen was never disciplined over his 25 years of working at Allstate.

12. On or about February 21, 2024, Mr. Cullen was at a company sales conference with various other employees, including one female co-worker, Janelle Taylor ("Taylor").

13. On or about February 22, 2024, Taylor informed Allstate that Cullen had touched the small of Taylor's back during the conference (the "Alleged Incident").

14. On or about March 7, 2024, Cullen was informed about this Alleged Incident via his Supervisor and was asked to attend a Zoom meeting regarding the same on March 18, 2024.

15. Allstate inquired as to whether Cullen inappropriately touched Taylor, which Cullen denied.

16. Nevertheless, Allstate terminated Cullen on March 21, 2024.

17. Right around the same time, Taylor also informed Allstate that another much younger male employee, Chad Lewis ("Lewis") had propositioned Taylor to perform a sexual act and that Lewis was interested in Taylor. Taylor told Allstate that she asked Lewis to back off but that he continued to insist.

18. Allstate did not terminate Lewis and no adverse action was taken against him. Instead, Allstate allowed Lewis to continue to work at Allstate while simultaneously firing Cullen.

19. Furthermore, upon information and belief, Taylor also engaged in inappropriate conduct and unwanted sexual discussions with at least four (4) other male co-workers who are much younger than Cullen and none of them were terminated.

20. After Cullen was terminated, he spoke with various co-workers who were at the sales conference where the Alleged Incident occurred and all stated that they did not see Cullen engage in any inappropriate behavior.

21. In violation of Mr. Cullen's rights, Allstate terminated Cullen to avoid the costs associated with the likely severance Mr. Cullen would be receiving when he retired and used the Alleged Incident as pretext to do so.

## Count I
## ADEA Violation under 29 U.S.C. § 623

22. Plaintiff restates and incorporates by reference the above paragraphs as though fully set forth herein.

23. On March 21, 2024, Allstate engaged in unlawful employment practices by firing Cullen in violation of the ADEA by using the Alleged Incident as pretext to terminate Cullen.

24. On the date of Cullen's unlawful termination he was 63 years old.

25. Over the 25 years that Cullen worked at Allstate, he was an excellent employee diligently performing his duties on a regular basis, as documented by his many positive performance reviews. Cullen continuously brought profit into the company and he was never disciplined over his 25 year tenure.

26. The effect of the practices complained of by Plaintiff has deprived Plaintiff of equal employment opportunities because of his age in violation of the ADEA.

27. The unlawful employment practices were intentional.

28. The unlawful employment practices were done with malice or with reckless

indifference to Plaintiffs' federally protected rights.

29. Cullen's termination caused him to suffer an adverse employment action.

30. Allstate did not terminate much younger employees with equal or inferior qualifications who also had similar or worse allegations made against them by Taylor.

31. Cullen believes that the reason he was terminated was so that Allstate would not have to pay out his severance when he retired as he was nearing retirement age and Allstate used the Alleged Incident to benefit itself to Cullen's detriment thereby discriminating against him due to his age.

## Prayer for Relief

NOW, WHEREFORE, the Plaintiff, DANIEL M. CULLEN respectfully requests that this Court:

A. Order Allstate to make Plaintiffs whole by providing appropriate back pay with pre- and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices;

B. Order Allstate to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices in an amount to be determined at trial;

C. Order Allstate to reinstate Plaintiff;

D. Award Plaintiffs their costs and attorney's fees in prosecuting of this action; and

E. For such other and further relief as this Court deems just and proper.

## Count II
### Violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-102(A)

32. Plaintiffs reallege and incorporate by reference the above paragraphs as though

fully set forth herein.

33. Allstate was Cullen's employer for 25 years.

34. Over the 25 years that Cullen worked at Allstate, he was an excellent employee diligently performing his duties on a regular basis, as documented by his many positive performance reviews. Cullen continuously brought profit into the company and he was never disciplined over his 25 year tenure.

35. On March 21, 2024, Allstate engaged in unlawful employment practices by firing Cullen in violation of the IHRA by using the Alleged Incident as pretext to terminate Cullen.

36. Allstate engaged in unlawful employment practices by firing Cullen and violated the IHRA by terminating Cullen due to his age thereby discriminating against him.

37. The effect of the practices complained of by Plaintiff has deprived Plaintiff of equal employment opportunities because of his age.

38. The unlawful employment practices were intentional.

39. The unlawful employment practices were done with malice or with reckless indifference to Plaintiffs' federally protected rights.

40. Cullen's termination caused him to suffer an adverse employment action.

41. Allstate did not terminate much younger employees with equal or inferior qualifications who also had similar or worse allegations made against them by Taylor.

42. Cullen believes that the reason he was terminated was so that Allstate would not have to pay out his severance when he retired as he was nearing retirement age and Allstate used the Alleged Incident to benefit itself to Cullen's detriment thereby discriminating against him due to his age.

**Prayer for Relief**

NOW, WHEREFORE, the Plaintiff, DANIEL M. CULLEN respectfully requests that this Court:

A. Order Allstate to make Plaintiffs whole by providing appropriate back pay with pre- and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices;

B. Order Allstate to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices in an amount to be determined at trial;

C. Order Allstate to reinstate Plaintiff resulting from its unlawful employment practices

D. Award Plaintiffs their costs and attorney's fees in prosecuting of this action;

E. For such other and further relief as this Court deems just and proper.

          Respectfully submitted,
          DANIEL M. CULLEN


          /s/ Jennifer B. Tee
          One of His Attorneys

Jennifer B. Tee (ARDC#6292487)
Lavelle Law, Ltd.
141 W. Jackson Blvd., Suite 2800
Chicago, IL 60604
Phone: 312-888-4111
E-mail: jtee@lavellelaw.com
https://lavellelaw.sharepoint.com/sites/Shared/Shared Documents/17751-18000/17959/Pleadings/Compl.6.27.24.docx